## YOST *v.* DALLAS COUNTY.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR
THE EIGHTH CIRCUIT.

No. 604. Argued January 6, 1915.—Decided January 18, 1915.

The obligation of bonds issued by a county pursuant to legislative authority is an obligation under, and not paramount to, the authority of the State.

While the District Court has jurisdiction, where diverse citizenship exists, of a suit upon bonds issued by a county pursuant to legislative authority, the extent of the obligation is determined by the statutes of the State and not by the Constitution of the United States.

A plaintiff by bringing suit in the Federal court upon the contract obligation of a county acquires no greater rights than are given by local statutes.

The right given in bonds issued by a county pursuant to legislative authority to have a tax levied, collected and applied to their payment, is to have such tax levied and collected in the manner provided by statute, and courts cannot substitute their own appointee in place of one contemplated by the act.

Even where the state court by mandamus has directed the officers of a county to levy and collect a tax as required by the state statute and apply it to the payment of a judgment for defaulted bonds, and they have failed to do so, the Federal court has not jurisdiction to appoint a commission to levy, collect and apply the tax.

Until the highest court of Missouri otherwise construes Rev. Stat., § 11417, Missouri, giving the Circuit Court power to enforce by mandamus or otherwise an order of the county court to have a tax assessed, this court will not construe the words "or otherwise" as authorizing the court to collect the tax itself, but as only allowing the resort to other means besides mandamus to compel the county court to do so.

THE facts, which involve the jurisdiction of the District Court, are stated in the opinion.

*Mr. Harry J. Cantwell* for Yost:

Federal courts are bound to proceed to judgment and

to afford redress to suitors before them in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction. *Chicot Co.* v. *Sherwood,* 148 U. S. 529, 534.

The means to be employed by the United States courts, in the enforcement of their lawful jurisdiction, are limited only by the determination of whether such means are necessary, and agreeable to the principles and usages of law. Section 262, Jud. Code; *Hills* v. *Hoover,* 220 U. S. 335; *Holland* v. *Challen,* 110 U. S. 24; *Davis* v. *Gray,* 16 Wall. 203; *Chicot Co.* v. *Sherwood,* 148 U. S. 534.

Counties and other municipal corporations, when acting for the particular advantage of the particular corporation, and not from considerations connected with the government of the State at large, are to be regarded as private corporations. *Murray* v. *Charleston,* 96 U. S. 445; *State* v. *Gates,* 190 Missouri, 540, 558; *State* v. *County Court,* 128 Missouri, 427; *Lincoln Co.* v. *Luning,* 133 U. S. 529, 531.

There is no distinction between counties and cities or towns as regards their liability for obligations created in their business capacity, or in the method of enforcement of the obligations. *Laramie County* v. *Albany County,* 92 U. S. 307, 311; *Mount Pleasant* v. *Beckwith,* 100 U. S. 524; *Lincoln Co.* v. *Luning,* 133 U. S. 531.

On mandamus being disobeyed the court may appoint a receiver to do the act or acts required to be done by the writ. Section 3012, Rev. Stat. Missouri, 1909.

The special tax imposed by the legislature of the State of Missouri upon the property in Dallas County is a special charge, analogous to internal improvement charges. It bears no relation to ordinary taxes for the maintenance of local government. The creation of the debt by the authority of the legislature, the provisions of the legislative act definitely fixing the property upon which it should be charged, and requiring the enforcement of the charge for the payment of the debt, created a charge

against definite specific property. *Farrar* v. *St. Louis*, 80 Missouri, 379; *Construction Co.* v. *Shovel Co.*, 211 Missouri, 532; *Ray Co.* v. *Bentley*, 49 Missouri, 236; *Dickason* v. *County Court*, 128 Missouri, 427, 438.

The charge here is a fixed, definite and certain charge imposed by law. *King* v. *United States*, 99 U. S. 233; *Savings Bank* v. *United States*, 19 Wall. 227, 240; *Meriwether* v. *Muhlenburg Ct.*, 120 U. S. 357; *Thompson* v. *United States*, 103 U. S. 484; *Supervisors* v. *Rogers*, 7 Wall. 175.

There being no act of discretion to be performed by the agents of the defendant, the acts necessary to enforce the charge against definite property being acts commanded by the sovereign power of the State, no good reason can be given why the same remedy should not be applied to these agents of the county as would be applied if the county were a private corporation.

The sovereign power of the State of Missouri has specially conferred upon the judiciary the duty of compelling the specific performance of every act necessary to payment of the judgment in this case. Rev. Stat. Mo. 1855, p. 427; Vol. I, Rev. Stat. Mo. 1855, p. 438; Wagner's Mo. Stat. 1870, p. 306, see App.

The judiciary has express power to dispense with official action of any particular individual officer in the performance of any and every act which might be necessary to the accomplishment of payment of these bonds. Section 8, c. 47, Rev. Stat. 1855, p. 533; § 21, Art. VI, Const., 1865; § 23, Art. VI, Const., 1875; §§ 1 and 16, c. 135, Rev. Stat. Mo. 1855, pp. 1329, 1338; § 37, c. 47, *id.*; § 7, c. 12, Gen. Stat. Mo. 1865, p. 99; § 37, c. 47, Rev. Stat. 1855; § 18, c. 133, Gen. Stat. 1865, and see also *Givens* v. *Daviess Co.*, 107 Missouri, 608.

The whole question of levying taxes and of raising revenues is, in Missouri, under the control of the judiciary. Sections 11416, 11417, Rev. Stat. Mo. 1909.

The United States courts may exercise the same powers as the state court as such powers are agreeable to the usages and principles of law. *Davis* v. *Gray*, 16 Wall. 203; *Holland* v. *Challen*, 110 U. S. 24; *Louisiana* v. *Jumel*, 107 U. S. 728; *Supervisors* v. *Rogers,* 7 Wall. 175.

This being a case in which equity has original jurisdiction, any of the usual equitable remedies may be applied, and Equity Rule No. 8 is applicable. *Walla Walla* v. *Water Co.*, 172 U. S. 12; *Davis* v. *Corbin*, 112 U. S. 40; *Gibson* v. *Shufeldt*, 122 U. S. 38; *Oelrich* v. *Spain*, 15 Wall. 211; *Hills* v. *Hoover*, 220 U. S. 335; *May* v. *May*, 167 U. S. 310; *Boyce* v. *Grundy*, 3 Pet. 210; *Clark* v. *Wooster*, 119 U. S. 326; Street's Fed. Prac., § 52; *Pendleton* v. *Perkins*, 49 Missouri, 565.

Equity courts, in a case wherein the court has, under the Federal Constitution, jurisdiction because of diverse citizenship, to protect the rights of a suitor, when usual grounds for equitable relief are set up, have jurisdiction even though there may thereby be involved control of matters of revenue and taxation. *Newmeyer* v. *Mo. & Miss. R. R.*, 52 Missouri, 81; *Rolston* v. *Mo. Fund Commissioners*, 120 U. S. 411; *Crampton* v. *Zabriskee*, 101 U. S. 609; Dillon on Mun. Corp., §§ 1488, 9; *Davis* v. *Corbin*, 112 U. S. 40; *Gibson* v. *Shufeldt*, 122 U. S. 38; 1 Story's Eq. Jurisp., § 519, p. 539; *Blackbourne* v. *Webster* (1731), 2 Piere Wms. 632; *Attorney-General* v. *Heelis*, 2 Sim. & St. Cas. in Chan., p. 67; *Izard* v. *Brown*, 1 Swanston's Chan. Rep. 265; *Stanley Co.* v. *Coler*, 190 U. S. 437; *New Orleans* v. *Warner*, 175 U. S. 120.

Mandamus is but one of the means of securing the specific performance of an act which the suitor has the right to have performed. It is not an end; it is but one of the means of securing specific performance. *Antoni* v. *Greenhow*, 107 U. S. 781; *Davenport* v. *Dodge County*, 105 U. S. 237, 243; *Louisiana* v. *United States*, 103 U. S. 292; *State* v. *County Court*, 128 Missouri, 427, 438; *Greene*

*County* v. *Daniel*, 102 U. S. 194; *Caster Co.* v. *Sinton*, 120 U. S. 517; *Hawley* v. *Fairbanks*, 108 U. S. 543.

See *Supervisors* v. *Rogers*, 7 Wall. 175; *Stansell* v. *Levee Board*, 13 Fed. Rep. 846, where the court below exercised exactly the same powers as are here sought to be invoked.

In the case at bar, it is not the State of Missouri, but the mere agents of a municipal corporation, who attempt to defeat the jurisdiction of the court, to paralyze the judicial arm of the United States by violating the laws of the State.

The State is not interfered with by the proceedings sought herein. The powers of the State, as well as the powers of the United States, are denied and defied by the agents of this corporation, now in contempt of both. *Virginia Coupon Cases*, 114 U. S. 295, 298.

*Mr. John S. Haymes,* with whom *Mr. J. W. Miller* was on the brief, for Dallas County.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case comes here upon a Certificate from the Circuit Court of Appeals. It is a suit in equity and the bill was dismissed by the District Court. The facts alleged are in short as follows. A statute of Missouri incorporated the Laclede and Fort Scott Railroad and authorized counties to invest in its stock and bonds and to issue county bonds in order to pay for the same. The appellee did so, afterwards defaulted upon its bonds and the appellant recovered judgment upon them in the same District Court for over a million dollars. Under the laws in force when the bonds were issued it was the duty of the county officers to levy and collect annually a tax of thirty per cent. of the amount of the bonds issued but this duty never has been performed and the county officers evade service of writs of mandamus or if served refuse to obey the writs.

There is no other mode of obtaining satisfaction and the duties of levying and assessing the tax are only those of apportioning the tax among the taxable inhabitants on the basis of the last previous assessment which has been made, and of collecting it. The prayer is for the appointment of a commissioner to levy, collect and pay over the tax according to the Missouri law. The questions certified are:

"1. Has a District Court of the United States, sitting as a court of equity, jurisdiction of such a cause?

"2. When a judgment has been recovered on the law side of a District Court of the United States of competent jurisdiction, against a county of the State of Missouri, on its bonds issued by authority of law, and the laws of that State in force at the time the bonds were issued authorized such county to levy and collect taxes to pay such bonds, and the county has no funds in its treasury, which can be applied to the payment of the judgment, and its property is, under the laws of the State, exempt from seizure and sale under execution; when the officers charged by the laws of the State with the duty to levy and collect taxes to pay such judgment refuse so to do, when the court in which such judgment was rendered has a number of times issued writs of mandamus commanding such officials to levy the taxes which they were authorized and which it was their duty to levy to pay such judgment, but these officials have, when possible, evaded service of these writs, and when served have wilfully and defiantly refused to obey the writs of mandamus, and the fact has been conclusively demonstrated by the proceedings at law that the plaintiff is utterly remediless at law by mandamus or otherwise for the failure of the county to pay, and the refusal of the officers of the county to discharge their duty to levy and collect taxes and therewith to pay his judgment; and when the last previous assessment was made which, by the statute in force at the time the contract

was made, was authorized and made the basis of the levy of the amount to which the plaintiff is now entitled under his judgment and writs of mandamus so that no act of discretion is required to levy and collect it, but only the clerical or ministerial acts of apportioning the amount among the assessed values of the taxables specified in the last previous assessment, placing it on the tax books and collecting it of the persons and property liable therefor, has the Federal Court of the District in which the judgment was rendered, and the futile writs of mandamus issued and, when possible, served, the jurisdiction and authority in equity to appoint a commissioner, receiver or other officer to make the apportionment and to collect the amounts which the owner of the judgment is entitled to have collected from the parties and properties liable therefor."

The fundamental consideration for answering these questions is that the obligation upon which the judgment was recovered was an obligation under, not paramount to, the authority of the State. It is true that the District Court of the United States had jurisdiction of the suit upon the contract, but the extent of the obligation imposed was determined by the statutes of Missouri, not by the Constitution of the United States or any extraneous source, the Constitution only requiring that the obligation of the Contract should not be impaired by subsequent state law. The plaintiff by bringing suit in the United States court acquired no greater rights than were given to him by the local statutes. The right so given was to have a tax levied and collected, it is true, but a tax ordained by and depending on the sovereignty of the State and therefore limited in whatever way the State saw fit to limit it when, so to speak, it contracted to give the remedy. It is established that 'taxes of the nature now in question can only be levied and collected in the manner provided' by the statute, and therefore that it is impossible

for the courts to substitute their own appointee in place of the one contemplated by the act. *Seibert* v. *Lewis,* 122 U. S. 284, 298. The *Missouri Case* referred to in that decision states a rule that we believe always to have been recognized in that State and others, as well as reinforced by other decisions of this court. *Kansas City* v. *Hannibal & St. Joseph R. R.,* 81 Missouri, 285, 293. *St. L. & San Frans. Ry.* v. *Apperson,* 97 Missouri, 300, 306. *Rees* v. *Watertown,* 19 Wall. 107. 117. *Heine* v. *Levee Commissioners,* 19 Wall. 655, 658. *Barkley* v. *Levee Commissioners,* 93 U. S. 258, 265. *Meriwether* v. *Garrett,* 102 U. S. 472, 501. *Thompson* v. *Allen County,* 115 U. S. 550; *S. C.,* below, 4 Ky. Law Rep. 98, 101. The rule has other applications; e. g. *Smith* v. *Reeves,* 178 U. S. 436, 445. *United States* v. *Kaufman,* 96 U. S. 567, 569.

It is unnecessary to repeat the strong and already often repeated language of this court that will be found at the pages of the reports referred to. Some of it may go farther than was necessary or than we should be prepared to go in a different case, but to the extent of the principles that we have laid down we apprehend that it is not open to debate. It hardly could be except upon the question of construction: how far the liability to the tax was bound up with the mode of collection provided. But as the tax depended for its creation upon a sovereign act of the State and was confided for its enforcement to officers of the State it is decided that it cannot be enforced by others. The fact that it falls upon people who are not parties to the contract or the suit is an additional consideration in favor of the result; which no one would doubt if the judgment had been recovered and the present proceeding brought in another State. Of course it does not follow from the fact that a court has authority to issue a writ of mandamus to compel officers to perform their duty that it can perform that duty in their place. Authority is given by Missouri Rev. Stat. 1909, § 11417, to the Circuit Court

to enforce 'by mandamus or otherwise' an order to the county court to have the tax assessed, etc.   But the words 'or otherwise' do not authorize the Circuit Court to collect the tax, but only allow the resort to other means beside mandamus to compel the county court to do so.   At least until the Supreme Court of Missouri says otherwise we should read them in that sense.

*We answer both questions: No.*

MR. JUSTICE MCKENNA and MR. JUSTICE PITNEY dissent.