COCOA-ROCKLEDGE DRAINAGE DISTRICT v. MARIAN FELL VANS AGNEW.

149 So. 577.
Division A.
Order Entered July 28, 1933.
Opinion Filed January 12, 1934.

*Butt & Akridge, A. C. Thompson* and *John D. Shepard*, for Plaintiff in Error;

*G. P. Garrett,* for Defendant in Error.

TERRELL, J.—A motion to strike the bill of exceptions in this cause was granted. It was predicated on Myrick v. Merritt, 21 Fla. 799, and Peace Creek Drainage District v. Turner, 97 Fla. 486, 121 So. 469. In these cases we held that a bill of exceptions is without effect, when it was made up and presented after expiration of time allowed in order made during term of court at which motion for new trial was made and denied, since order of court made after adjournment of court extending time in which to make up bill of exceptions was unauthorized.

A means of overcoming the defect in the bill of exceptions as pointed out in these opinions was provided by Section 2917, Revised General Statutes of 1920, Section 4634, Compiled General Laws of 1927, if the bill of exceptions was actually made up and duly authenticated according to law and is incorporated in the transcript of the record.

We are now requested to reconsider our order made granting the motion to strike the bill of exceptions. The bill of exceptions was actually made up and included in the transcript of the record, but it was not authenticated as the law directs. Section 2917, Revised General Statutes, *supra,* cannot be construed to relieve it of this vice. For this reason it cannot be considered. See Maul Ojus Rock Co. v. Lumpkin, 107 Fla. 263, 144 So. 405.

The motion to reconsider is accordingly denied.

DAVIS, C. J., and WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.

PER CURIAM.—A motion to reconsider an order entered in this cause denying an application for rehearing was filed July 28, 1933. The application for rehearing was made to an order striking the bill of exceptions. The bill of exceptions having been stricken the cause now comes on to

be heard on the motion of defendant in error to dismiss the writ of error.

The bill of exceptions having been stricken the only questions remaining on the record proper are whether or not under the General Drainage Law of this State the Commissioners of a Drainage District are authorized to employ an attorney without notice and hearing to the land owners affected and whether or not the plaintiff's declaration states a cause of action.

We have examined the declaration and it sufficiently states a cause of action and the law is ample to authorize the Drainage Commissioners to employ counsel without notice and hearing to the land owners.

We think, therefore, that the motion to dismiss the writ of error must be and is hereby granted.

Davis, C. J., and Ellis and Terrell, J. J., concur.

Whitfield, P. J., and Brown and Buford, J. J., concur in the opinion and judgment.