## LINCH v HEUCK et

Ohio Appeals, 1st Dist, Hamilton Co

Decided March 28, 1938

Charles P. Taft, Cincinnati, for appellee.

Dudley M. Outcalt, Cincinnati, Walter M. Locke, Cincinnati, Greg H. William, Cincinnati, and Thos. A. Lavery, Cincinnati, for appellants.

## OPINION

By ROSS, PJ.

This is an appeal upon questions of law and fact, which, upon the hearing, by agreement, was reduced to an appeal on questions of law from a judgment of the Common Pleas Court of Hamilton county.

The trial court reduced a valuation of real property of the plaintiff, fixed by the Tax Commission of Ohio at $76,340, to $50 000.

The defendant claims that such reduction was unwarranted and constitutes an abuse of discretion on the part of such court.

The original value fixed by the county auditor was $94,600.

The record presented develops a rather unique situation.

The plaintiff in order to satisfy certain peculiar requirements of his family determined upon the purchase of the particular real property involved herein. It was then unimproved. The then owner of the property, it is apparent, was just as determined that he should not acquire the property. The plaintiff, however, made an offer at such a price that the then owner concluded to accept the condition, admittedly more than twice the market value of the unimproved real estate. Even at the exhorbitant price paid, the seller was able, in view of the situation, to impose upon the plaintiff purchaser restrictions upon the use of the premises which greatly hampered the convenient adaptation thereof for residence purposes, and greatly increased the amount of money required to develop the property for a residence suitable to the use of plaintiff. The net result of these circumstances was to cause the plaintiff to spend approximately $180,000 for a lot and residence which competent realtors estimate was not salable for more than the amount found to be a fair tax value by the trial court, to-wit: $50,000.

The county auditor in 1931 made a county-wide appraisal of real property. He concluded that the ordinary mechanical index system employed in the valuation of ordinary residences was inappropriate to residences of the type considered here. As to these, he adopted a cubic content standard, each such residence being actually measured. He then employed experts from whom he secured opinions as to the reproduction cost per cubic foot of such buildings. In addition to an ordinary obsolescence reduction, the auditor in addition applied a devaluation of 21% based upon bad judgment in the expenditure of money in construction and location. His conclusion was, as before stated, that taking all of these factors into consideration that the value in money of the residence and property was $94,600, aproximately one-half of the admitted cost of the property and structure.

The Tax Commission upon appeal reduced this amount to $76,340, upon what basis does not appear.

Upon appeal to the Common Pleas Court additional evidence was heard resulting in an arbitrary conclusion that the tax value should be $50,000.

An examination of the evidence introduced before the board of revision and Tax Commission of Ohio, which appears among the original papers before us shows values stated by witnesses in the several hearings were not of an extremely divergent character. Considering the property in question, there was a wide margin for the exercise of administrative discretion.

Taxation is a function of the legislative branch of the sovereign power of the state. **State ex rel v City of** **Toledo, 48 Oh St 112, 131, 132.** It is a non-judicial function. Rees v City of Watertown, 19 Wall. 107; Yost v Dallas County, 236 U. S. 50; Heine v Levee Commissioners, 19 Wall . 655; Thompson v Allen County, et al, 115 U. S. 550.

Only when the exercise of power by the legislature or those units to which it may have delegated its power amounts to arbitrary abuse of power, to confiscation, to the taking of property without compensation, may the judicial branch of the government justify its interference with the free exercise of the taxing power of the legislative or administrative officers or bodies, functioning under a lawful delegation of authority. Spencer v Merchant, 125 U. S. 345; French v Barber Asphalt Paving Co, 181 U S. 324; Interstate Commerce Commission v Ill. C. R. R. Co., 215 U. S. 452; Ill. C. R. R. Co v Gulf & S. R. R. Co, 206 U. S. 441; State v Great Northern Ry. Co, 130 Minn. 57; Lake Iron Co v Wakefield, 247 U. S. 350; Provident Svgs. B. & T. Co v Tax Commission, 10 O.O., 469.

The trial court cannot substitute its judgment for that of the Tax Commission. The real essential question before the court is, had there been an abuse of discretion by the Tax Commission resulting in what amounts to confiscation of the property of the taxpayer under a guise of taxation? **Stanton, etc. v Tax Commission et al, 114 Oh St 658, 682.**

The constitution of this state has in broad terms specified the duties of the taxing authority in proceeding to tax property. **Article XII, §2**, as finally adopted, provides in part:

"Land and improvements thereon shall be taxed by uniform rule according to value."

**Sec 5548 GC**, provides in part:

"Each county is made the unit for assessing real estate for taxation purposes. The county auditor, in addition to his other duties, shall be the assessor for all

574

the real estate in his county for purposes of taxation, provided that nothing herein shall affect the power conferred upon the tax commission of Ohio in the matter of the valuation and assessment of the property of any public utility.

\* \* \*

The county auditor upon the approval of the Tax Commission of Ohio, is empowered to appoint and employ such experts. deputies and clerks, or other employes, as he may deem necessary to the performance of such duties as such assessor;

\* \* \*

Such experts, deputies, clerks and other employes, in addition to their other duties, shall perform such services as the county auditor may direct in ascertaining such facts, description, location, character, dimensions of buildings and improvements. and such other circumstances reflecting upon the value of such real estate, as will aid the county auditor in fixing its true value in money. Said county auditor may also, if he deem it necessary or advisable, summon and examine any person under oath in respect to any matter pertaining to the value of any real property within the county."

Sec 5554 GC, provides:
"The county auditor, in all cases, from the best sources of information within his reach, shall determine, as near as practicable, the true value of each separate tract and lot of real property in each and every district, according to the rules prescribed by this chapter for valuing real property. He shall note in his plat-book separately, the value of all dwelling houses, mills and other buildings, which exceed one hundred dollars in value, on any tract or plat of land not incorporated, or on any land or lot of land included in a municipal corporation, which shall be carried out as a part of the value of such tract. He shall also enter therein the number of acres of arable or plow land, meadow and pasture land, and wood and uncultivated land, in each tract, as near as possible."

Sec 5560 GC, provides in part:
"Each separate parcel of real property shall be valued at its true value in money, excluding the value of the crops, deciduous and evergreen trees, plants and shrubs growing thereon. The price for which such real property would sell at auction, or at forced sale, shall not be taken as a criterion of the true value, \* \* \*"

Sec 5611-2 GC, provides in part:
"No determination of the Tax Commission as to the value of property for taxation shall be reversed, vacated, or modified unless it is shown by clear and convincing evidence that the value of the property, as determined by the Tax Commission, is not the true value in money of such property."

It would appear, therefore, that regardless of what procedure caused the auditor to fix the valuation placed upon the property by him, that the conclusion of the Tax Commission as to true value of property in money may be reached by such means as may be reasonably appropriate to such investigation.

No clear or convincing evidence appears in the record justifying a conclusion that the amount of $76,340 was not the true value in money of the property under consideration, taking into consideration the broad discretion that must naturally rest in that body when proceeding to determine the issue presented to it.

It is our conclusion, therefore, that the trial court was not presented with evidence warranting its conclusion, that the judgment must be reversed, and that our position upon the evidence and the law applicable requires that we here enter the judgment the trial court should have entered leaving undisturbed the finding of the Tax Commission. It is so ordered.

HAMILTON, and MATTHEWS, JJ, concur.