### STATE ex SEEDS v HISLOP

Common Pleas Court, Franklin County

Decided July 20, 1938

George S. Marshall, Columbus, Charles N. Hostetter, Massillon, Hart, McHenry & Jones, Canton, for plaintiff.

Stephen A. Sharp, Columbus, for defendant.

### OPINION

By LEACH, J.

On demurrer to the petition.

This is an action by a taxpayer seeking an accounting as to alleged inadequate returns of tangible and intangible personal property for the purpose of taxation, claimed to have been made by Minnie B. Wilson during the years 1926 to 1930 inclusive, and that following a determination by the court of the amount of taxes, penalties and interest due from the estate of said Minnie B. Wilson, judgment be awarded for the amount so found due.

The petition states that the amount, nature and extent of the personal property, tangible and intangible, belonging to the said Minnie B. Wilson, and owned and held by her during the years 1926 to 1930 inclusive, which should have been returned for purposes of taxation and the amount of the taxes due thereon resulting from such ownership is unknown to this plaintiff. Interrogatories are attached to the petition seeking to elicit such information.

To grant the prayer of the petition would require the court to determine the kind and character of such property if any; to list the items thereof; to value the same; to ascertain the rates of taxation applicable thereto for each of said years 1926 to 1930, to make the calculations of said rates against said values so found, and generally to perform the administrative and ministerial functions of listing and assessing taxes usually performed by the county auditor and the Tax Commission, and to whom said functions are delegated by the general assembly.

This case is unlike the case of **State ex rel. Hostetter v Hunt, 132 Oh St 568, 8 OO, 558,** as in that case the uncollected taxes were "lawfully placed upon the duplicate by the county auditor and certified to the county treasurer," which officials did not proceed to collect the taxes by reason of a certificate of immunity from the collection of such taxes issued by the Tax Commission of Ohio under a void and unconstitutional statute.

As stated by the old Circuit Court of this District in Collett v Springfield Sav-

107

ings Society, 13 C. C. at pages 137-138:

"The power of taxation is included in the legislative power, and under this power, subject to the limitations of **Section 2 of Article 12** * * * and other limitations of the Constitution, all our laws defining the different subjects of taxation, providing for the listing, valuing and taxing of property and for the collection of taxes, have been passed, and subject to these limitations the legislature is the sole judge of the mode and manner of **and the agencies which shall be employed in its exercise."** (**Emphasis the writer's**).

The statutes making the Tax Commission and the county auditor, and county treasurer the agencies designated by the legislature and charged with the duty of performing these functions of listing, valuing, and calculating the taxes due on such valuation, and of placing the same on the auditor's and treasurer's duplicates for collection are familiar and need not be cited by sectional number. By these statutes adequate power is placed in the hands of the taxing officials to discover omitted property; and for failure to act, if the same constitute an abuse of discretion, doubtless a remedy by way of mandamus exists.

But, as said Matthews, J., in **Provident Savings Bank & Trust Co. et al. v Tax Commission 10 OO, 469. (26 Abs 175).**

"This great power of taxation is of a political nature. In the division of the powers of government into the three great departments it naturally falls into the legislative and executive departments. Being political, the extent of its use, the objects upon which it is exerted and the procedure of its application are matters of policy confided by the Constitution to the Legislature, without any power in the judicial branch to substitute its view of policy or discretion. Levying and collecting taxes is non-judicial in its character. Rees v Watertown, 19 Wall, 107; Yost v Dallas Co., 236 U. S. 50; Heine v Levee Commissioners, 19 Wall., 655; Thompson v Allen Co. 115 U. S. 550."

Said the court further:

"The Construction of a grand duplicate for taxation purposes, and the supervision of collections to be credited against it, would strike the mind of both lawyer and layman as strange work to confide to a court, the taxing process in its normal operation does not present a 'case or controversy' involving legal rights to be declared and enforced."

And as stated by the Hamilton County Court of Appeals in **Linch v Heuck, 11 OO 402: (26 Abs 572).**

"Taxation is a function of the legislative branch of the sovereign power of the state. **State ex rel. v City of Toledo, 48 Oh St, 118, 131, 132.** It is a non judicial function. Rees v City of Watertown, 19 Wall. 107; Yost v Dallas County, 236 U. S. 50; Heine v Levee Commissioners, 19 Wall, 655; Thompson v Allen County et al, 115 U. S. 550. Only when the exercise of power by the legislature or those units to which it may have delegated its power amounts to arbitrary abuse of power, to confiscation, to the taking of property without compensation, may the judicial branch of the government justify its interference with the free exercise of the taxing power of the legislative or administrative officers or bodies functioning under a lawful delegation of authority. Spencer v Merchants, 125 U. S. 345; French v Barber Asphalt Paving Co., 181 U. S. 324; Interstate Commerce Commission v Ill. C. R. R. Co. 215 U. S. 452; Ill. C. R. R. Co. v Gulf & D. R. R. Co., 206 U. S. 441; State v Great Northern Ry. Co., 130 Minn. 57; Lake Iron Co. v Wakefield, 247 U. S. 350; **Provident Savings B. & T. Co v Tax Commission, 10 OO 469."**

To the above enumeration of situations where the judicial powers may rightfully be exercised, might be added those cases where the property constituted taxing officials, to whom have been delegated the administrative and ministerial functions and duties relating to taxation, fail or refuse to perform "an act which the law specially enjoins as a duty resulting from an office, trust, or station."

To suggest that the property existed; that it was owned by Minnie B. Wilson; that it was not returned for taxation; that it was taxable; that the statutes taxed it, and that, therefore, nothing remains but to discover the property and apply the tax provided by the statutes to such property and enter judgment therefor, will not suffice. Under this theory the court would, in the first instance, be required to constitute itself as a tax inquisitor, in order to discover the property; having done this and listed such property, the court would then have to constitute itself as a property valuation officer, and lastly without having placed the results

thus far, on the treasurer's books for collection, so that the treasurer would have opportunity to perform his functions as tax collector, the court would then become a tax collector. The court is clearly of the opinion that there is nothing in the Hostetter case which authorizes this form of action, nor is there anything said in that case which by logical extension, can be said to authorize it; further, the court is of the opinion that on any proper theory of the division of powers between the legislative, executive, and judicial, when considered in connection with the existing statutes delegating to the Tax Commission and the county auditor broad administrative and ministerial powers in relation to taxation, the form of action here instituted will not lie, and that the court is without jurisdiction.

Branches 1 and 5 of the demurrer will, therefore, be sustained. In this view of the case, the court need not give attention to the other branches of the demurrer.