COCOA-ROCKLEDGE DRAINAGE DISTRICT, *et al.,* v. GEORGE PALMER GARRETT, Administrator *cum testamento annexo de bonis non* of the Estate of P. A. VANS AGNEW, Deceased.

191 So. 687

Division A

Opinion Filed October 20, 1939

Rehearing Denied November 10, 1939

*John D. Shepard,* for Appellants;
*George P. Garrett,* for Appellee.

THOMAS, J.—The appellant drainage district was organized in 1921 and plans for reclamation of the lands therein were adopted and assessments of benefits confirmed by the circuit court. The contemplated drainage was not consummated nor were bonds ever issued so that the objects and purpose for which the district was created were not accomplished.

In the course of organizing, legal services were performed by P. A. Vans Agnew and subsequently judgment for the amount due him was entered against the district. There is no need to dwell on the value of the attorney's work or his right to recover, for the validity of the judgment is not now questioned. See Cocoa-Rockledge Drainage Dist. v. Vans Agnew, 111 Fla. 575, 149 South. Rep. 577, 152 South. Rep. 17.

This claim is now in the hands of appellee, George Palmer Garrett as administrator *cum testamento annexo de bonis non* of the estate of the judgment creditor.

In an effort to collect the amount due the estate, the then administrator, predecessor of appellee, procured a peremptory writ of mandamus against Cocoa-Rockledge Drainage District coercing the levy of a tax to pay the judgment (State *ex rel.* Vans Agnew v. Johnson, 112 Fla. 7, 150 South. Rep. 111), which was affirmed by this Court in Morgan v. State *ex rel.* Garrett, 126 Fla. 534, 171 South. Rep. 310.

At this point, and prior to the litigation which we are now asked to review, the appellee was the holder of a valid judgment and the relator in a mandamus suit wherein a peremptory writ had been entered and affirmed commanding the members of the board of supervisors of the drainage district to levy an adequate tax to pay the debt and ordering the tax collector to collect the tax fixed.

Then it was that the administrator filed a bill in chancery praying for the appointment of a receiver to perform all of the functions of the board of supervisors to the end that appellee would receive from the tax proceeds the money due him in his capacity as administrator for the services rendered by the attorney for the district in the course of its organization.

The grounds, among others, for the intervention of a Court of equity notwithstanding the judgment in mandamus were: that one of the supervisors no longer lived within the district or attended to his duties; that the remaining one was seriously ill; that there was no active clerk; that there had been no election of supervisors; that the landowners had not met for many years; that the whereabouts of one supervisor was unknown; that no one would desire to serve as supervisor; that the supervisors were without funds to prepare text books that the district was insolvent.

The same day the bill was filed a receiver was appointed

to "perform all the duties required by law of the board of supervisors and as secretary in the matter of the preparation and certification of said drainage tax book."

As exhibits to the bill of complaint were filed a resolution adopted by two members of the board of supervisors providing for a tax levy to discharge the judgment debt and a letter signed by them and addressed to the circuit judge requesting him to accede to any request made by the administrator to appoint a receiver and agreeing that such appointment be made.

This letter is referred to by administrator, appellee, as a "declination" to comply with the peremptory writ. We are unfamiliar with the practice of declining to obey a writ issued by a competent court commanding, not inviting, the performance of an act. If those to whom such writs are issued could defeat their effectiveness by the simple process of rejecting upon their own advice the solemn order of the court the remedy of mandamus would then and there become thoroughly useless.

So far as we are informed, any statutory authority for the appointment of a receiver of a drainage district is confined to Sec. 1493 C. G. L., 1927, and a cursory examination of that statute reveals that a receiver may be appointed only upon default in the payment of bonds or coupons which obviously is not the case here.

A detailed discussion of the grounds relied upon seems premature if we first determine whether as a general proposition of law receivers will be designated by the courts to take charge of the affairs of organizations such as Cocoa-Rockledge Drainage District for the purpose of collecting taxes or whether such an activity is without the sphere of authority of the judicial department of the government.

In State of New Mexico *ex rel.* Frank M. Lynch v.

District Court of McKinley County, 41 N. M. 658, 73 Pac. Rep. (2d) 333, 113 A. L. R. 746, the Court quoted with approval the following excerpt from the opinion in Preston v. Sturgis Mill Co. (C. C. A. 6th), 183 F. 1, 3, 32 L. R. A. (N. S.) 1020:

" 'The scope of the principle is that each step in the process of taxation from beginning to end can be taken only as the Legislature may prescribe. * * * It is not, however, within the scope of this principle that the judiciary shall in no event exercise this power of taxation. Its scope is that it shall not exercise it *unless the Legislature shall so provide*. If the Legislature does so provide, *it may exercise it to the extent provided.*' Preston v. Sturgis Milling Co., *supra*. (Italics ours.)"

The power of taxation is one for the legislative branch of the government, according to this authority, and will not be exercised by the judicial department unless the former grants it to the latter, as was done when by the enactment of Section 1493, *supra,* the courts were authorized to appoint receivers where default in the payment of bonded indebtedness had continued for a certain period.

To like effect was the ruling of the Court of Appeals of Kentucky after considering the propriety of a court of equity appointing a receiver to collect taxes where it was found impractical or impossible by trustees to secure the services of a treasurer to collect a tax they had levied. The opinion of the Court contained the flat statement: "A court of chancery has no power to levy or collect taxes." Grand Rapids School-Furniture Co. v. Trustees of School Dist. No. 29, Pike County, 102 Ky. 556, 44 S. W. Rep. 98.

This is the rule which seems to have the support of the weight of authority and applies even though there is, at the time, no one available to perform the duties of the office

of collector of taxes. Yost v. Dallas County, 236 U. S. 50, 59 L. Ed. 460, 35 Sup. Ct. Rep. 235; Grand Rapids School-Furniture Co. v. Trustees of School Dist. No. 29, Pike County, *supra*.

An exhaustive note on the subject appears in 113 A. L. R. at page 755.

We align ourselves with those authorities holding that the levy and collection of taxes is a legislative function to be exercised by the courts only when the legislative branch of the government has so declared and in reaching this conclusion we are not conscious of any hardship that may result. If the officers of the district fail or refuse to act there is ample remedy and if they should be displaced there is no necessity for serious complications in the appointment of successors.

Appellee abandoned his remedy in mandamus even after peremptory writ had issued in his favor and renewed his search for relief by entering suit in chancery. He should have pursued the course originally selected.

The chancellor erred in appointing a receiver to assume the duties of the board of supervisors and secretary of the appellee drainage district, and appellee is relegated, for whatever relief he may be entitled, to the forum first chosen by him.

Reversed.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.