## C. D. MATHEWS ESTATE, Inc. v. OLIVE BRANCH DRAINAGE.

### No. 10175.

United States Court of Appeals
Seventh Circuit.
Oct. 26, 1950.

Russell H. Classen, Belleville, Ill., John W. Giesecke, St. Louis, Mo., for appellant.

Peyton Berbling, Dorothy Wilbourn, Cairo, Ill., for appellee.

Before KERNER, DUFFY and LINDLEY, Circuit Judges.

KERNER, Circuit Judge.

This appeal presents the question whether a United States District Court has jurisdiction of an action to recover on defaulted bonds issued by a Drainage District pursuant to the Illinois statute which provides for payment thereof solely out of assessments levied against benefited lands. Because the complaint prayed a general money judgment against the district and mandamus to compel the commissioners thereof to perform their duties necessary for the enforcement of such judgment, the District Court concluded that it had no jurisdiction over the subject matter and therefore sustained defendants' motion to dismiss the amended complaint.

The amended complaint was brought in behalf of plaintiff and all other holders of unpaid bonds of the district similarly situ-

ated. Jurisdiction was based on diversity of citizenship. The bonds in suit were $5,000 of refunding bonds issued under the provisions of the Illinois Drainage Act, Chap. 42, Ill. R.S. 1947. The complaint alleged that all the bonds had matured on or before July 1, 1944, and that the interest thereon had been unpaid since 1936; that there had been numerous defaults in payments of assessments levied on benefited lands and that the commissioners had not taken the steps authorized by the Act for the collection of such assessments but had, instead, in many cases, permitted landowners to discharge their obligations by the surrender and cancellation of bonds thus causing waste of the assets securing the bonds—in this case, the lien on the benefited lands. Plaintiff further alleged that it had been unable to secure any accounting as to assessments collected in money and those wrongfully cancelled, nor had it been able to secure any information as to the number and amount of bonds then outstanding and the financial condition of the district. According to a report of the two acting commissioners as of July 16, 1949, referred to in the complaint, many taxpayers had not paid their assessments or drainage taxes, and there was "a large amount of outstanding bonded indebtedness and a large amount of unpaid annual benefits."

Section 38 of the Act permits the commissioners to borrow money for the construction of any authorized work or to pay for any indebtedness lawfully incurred thereunder and to issue notes or bonds as security, "which notes or bonds shall not be held to make the commissioners personally liable for money borrowed, but shall constitute a lien upon the assessment for the re-payment of the principal and interest thereof; * * *." Section 38a permits the issuance of refunding bonds which shall constitute a lien on the assessments from which they are payable, but shall not be held to make the commissioners personally liable for money borrowed. And § 33 provides for foreclosure proceedings to be brought by the commissioners to enforce payments of delinquent assessments. Thus the statute is one of the type that not only contemplates that the cost of the improve-

ment is to be borne solely by the property benefited, but also contains terms apparently designed to emphasize the non-liability of the commissioners and the district generally. And it has been generally held that the appropriate remedy in case of failure of the commissioners to perform their duty with respect to the collection of assessments for payment of obligations is by mandamus. Accordingly, it is clear that plaintiff is not entitled to the general judgment prayed in its complaint. Nor is it entitled, in the federal court, to mandamus as an original matter—as has been frequently stated, mandamus in the United States courts is an ancillary remedy to be utilized only in the exercise of a jurisdiction already acquired. However, we are convinced that it does not follow that the District Court was powerless to grant any relief under the facts stated in the complaint and the applicable Illinois law. Certainly the mere fact that the appropriate remedy in the state court, had plaintiff chosen to bring its action there, would have been by mandamus, a mode of relief not available in the United States court as an independent proceeding, does not mean that plaintiff has no standing in the federal court. Cf. Maccabees v. City of North Chicago, 7 Cir., 125 F.2d 330. The suit here is based on bonds, and plaintiff is entitled to reduce those bonds to judgment, to be enforced in accordance with the provisions of the Act.

The same question was presented in Shepard v. Tulare Irr. District, C.C., 94 F. 1. That case involved a statute generally similar to the Illinois Drainage Act, and the opinion of the court contains the most complete discussion of the issues we have been able to find. It quotes the language of the Court in County of Greene v. Daniel, 102 U.S. 187, 195, 26 L.Ed. 99, which is equally apt here: "In the State courts * * * mandamus would lie without reducing the coupons to judgment, to compel the commissioners' court to levy and collect the taxes necessary to pay what was due. The rule is different, however, in the courts of the United States, where such a writ can only be granted in aid of an existing jurisdiction. There a judgment at law on the coupons is necessary to support such a

writ. The *mandamus* is in the nature of an execution to carry the judgment into effect. \* \* \* A suit, therefore, to get judgment on the bonds or coupons is part of the necessary machinery which the courts of the United States must use in enforcing the claim, and the jurisdiction of those courts is not to be ousted simply because in the courts of the State a remedy may be afforded in another way." The Tulare case was affirmed, 185 U.S. 1, 22 S. Ct. 531, 46 L.Ed. 773, without discussion of or even reference to these aspects of the case—the sole issue there raised appears to have been the validity of the bonds in suit. See also Board of Commissioners of Pottawatomie County v. Municipal Securities Co., 8 Cir., 1 F.2d 294, and Divide Creek Irr. Dist. v. Hollingsworth, 10 Cir., 72 F.2d 859.

Again, in Yost v. Dallas County, 236 U.S. 50, 35 S.Ct. 235, 59 L.Ed. 460, involving a suit on railroad bonds issued by a county pursuant to a statute limiting the liability thereon, the Court held that the District Court had jurisdiction of the suit on contract, although the extent of the obligation imposed was determined by the state statute. And in the recent case of Huddleston v. Dwyer, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed. 1246, the Court did not question the jurisdiction of the federal court to entertain a suit on bonds secured by assessments for benefits, but merely held that it was the duty of such court to ascertain and apply the state law. See also Denver-Greeley Valley Irr. District v. McNeil, 10 Cir., 106 F.2d 288, where the court affirmed a judgment granting a writ of mandamus to compel a levy to raise money to satisfy a judgment on bonds, rendered in an earlier case, which judgment contained a provision that it should be enforced only in accordance with the statutes and decisions of the State of Colorado relating to irrigation districts. Id., 10 Cir., 80 F.2d 929.

Thus it appears that the jurisdiction of United States courts over suits involving facts and statutes very similar to those here involved has long been recognized. In view of these cases it is unnecessary for us to discuss the cases cited and relied upon by defendants except to say that all involve different factual situations, or were decided prior to the adoption of the New Rules of Civil Procedure, 28 U.S.C.A. which enable the courts of the United States to grant relief upon a showing of facts entitling a plaintiff to relief even though he does not pray the precise relief to which he is entitled. We conclude that the dismissal of the complaint for lack of jurisdiction of the subject matter was in error.

Judgment reversed and cause remanded for further proceedings.