376 F.2d 583
 Frederick Richard CRAIG, Petitioner-Appellant,
v.
STATE OF CALIFORNIA, State of Indiana, Attorney General of
the United States, P. G. Smith, Warden, United
States Penitentiary, Respondents-Appellees.
 No. 15697.
 United States Court of Appeals Seventh Circuit.
 April 21, 1967.
 
 Frederick Richard Craig, for appellant.
 Richard P. Stein, U.S. Atty., Joseph W. Annakin, Asst. U.S. Atty., Southern Dist. of Indiana, Indianapolis, Ind., for appellees.
 Before DUFFY, Senior Circuit Judge, and SWYGERT and FAIRCHILD, Circuit judges.
 DUFFY, Senior Circuit Judge.
 
 
 1
 An appeal to this Court asking a mandate of the various defendants named herein would, ordinarily, be disposed of by an order. However, the petitioner herein earnestly insists that he has frequently requested legal counsel in this matter, and that the denial of such requests is a violation of his constitutional rights. Hence, a brief memorandum by us seems to be appropriate.
 
 
 2
 Petitioner is presently incarcerated in the United States Penitentiary at Terre Haute, Indiana, serving a five-year sentence that was imposed on him in June 1965 by the United States District Court for the Northern District of Illinois. Petitioner, who was then represented by court-appointed counsel, entered a plea of guilty to three counts of transporting forged bank cashier checks in interstate commerce.
 
 
 3
 It appears that in 1962, petitioner was convicted in a California state court of certain offenses involving forged cashier checks of the United Bank of California. While free on bail, pending an appeal, petitioner traveled to Toronto, Canada. In May 1962, he was arrested in Canada and some months later was convicted of charges arising out of forged cashier checks of the United Bank of California.
 
 
 4
 While in custody in Canada, plaintiff was indicted by a federal grand jury in Chicago, Illinois, for offenses relating to forged cashier checks of the United Bank of California.
 
 
 5
 At the termination of petitioner's Canadian sentence, he was deported to the United States, and upon his arrival in Chicago at O'Hare Field, he was arrested by the FBI. On May 20, 1965, he entered a plea of guilty, and the sentence based on such charges led to his present confinement in Terre Haute penitentiary.
 
 
 6
 Petitioner alleges the State of California has made formal request of the prison warden that he be returned to California at the termination of his present sentence. Petitioner argues that the State of California, by failing to secure custody over him upon his arrival in Chicago from Canada, has waived all jurisdiction as to him.
 
 
 7
 The real basis for petitioner's demand that a writ of mandamus be issued, is that if California obtains custody over him he may be punished a third and perhaps a fourth time 'for a single series of acts that occurred in a brief period of time, and for which, under our United States laws, men would most usually be punished only once.' He also refers to the offenses charged against him as 'all a part of the single series of events referred to in this matter.'
 
 
 8
 Petitioner ignores or perhaps does not realize that passing forged cashier checks in different states and countries is probably an offense in each such jurisdiction no matter when such checks became available to him nor where in that jurisdiction they were passed.
 
 
 9
 If the defendant should be further prosecuted in California or elsewhere, based upon the forged cashier checks of the United Bank of California, he would be entitled to the services of court-appointed counsel if he is financially unable to employ counsel. Should he be found guilty, the fact that petitioner already has served sentences in Canada and Indiana, based upon the bank cashier checks hereinbefore described, could properly be brought to the attention of the trial judge as a matter in mitigation of sentence.
 
 
 10
 It is, of course, fundamental that United States courts do not have original jurisdiction to issue writs of mandamus or to grant any relief in the nature of mandamus except as an ancillary remedy to be used in the exercise of jurisdiction already acquired. C. D. Mathews Estate v. Olive Branch Drainage, 7 Cir., 185 F.2d 53.
 
 
 11
 The District Court properly denied the petition for a writ of mandamus because it had no jurisdiction to issue that writ.
 
 
 12
 Affirmed.