W. M. COOEY, WALTER COOEY, AND MRS. MATTIE COOEY, *Appellants,* v. J. W. JOHNSON, TAX COLLECTOR OF HOLMES COUNTY, FLORIDA, *Appellee.*

Division B.

Opinion Filed May 15, 1928.

*James H. Finch*, for Appellant;

*Daniel* and *Blake*, for Appellee.

PER CURIAM.—This appeal is from a decree dissolving a temporary injunction and dismissing a bill of complaint brought to have decreed to be invalid an assessment of county school warrants for State and county taxes for the year 1924, and to enjoin the collection of the tax.

It appears that the county tax assessor had not assessed the county school warrants, and when the tax rolls were presented to the county commissioners for equalizing purposes the county commissioners instructed the tax assessor to make the particular assessments of county school warrants against the complainants below. The complainants applied to the county commissioners for relief which was denied. The authority of the county commissioners is to equalize assessments as made by the tax assessor. The existing statutes require assessments of personal property to include "goods and chattels, moneys and effects * * * all debts due or to become due from solvent debtors, whether on account, contract, note or otherwise." The assessments in this case of county school warrants as to amount and value were made at the direction of the county commissioners and not by the Tax Assessor in the exercise of his judgment as the law contemplates; and even if it is the policy of the law and the intent of the statute that county obligations should be taxed as debts due or to become due on contract, note or otherwise, thereby making it necessary for counties to pay a higher rate of interest for money borrowed, the record in this case shows an intentional unjust discrimination against the complainant in that practically no other similar or other evidences of indebtedness are assessed in the county, and that the complainants were singled out of a class who hold evidences of debts but who are not assessed

948

on them, and specific assessments were made against complainants in the manner here indicated. This is clearly contrary to the policy and intent of the statutes and such assessments are invalid and a collection of the tax should be enjoined.

Reversed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.