HINTON FOLSOM as Tax Collector, of Jackson County, Florida, and ERNEST AMOS, as Comptroller of the State of Florida, *Appellants*, v. BANK OF GREENWOOD, a corporation, *Appellee*.

Division B.

Opinion filed April 1, 1929.

*James H. Finch* and *Fred H. Davis,* Attorney General, for Appellants;

*R. S. Pierce, Jr.,* for Appellee.

WHITFIELD, P. J.—This appeal is from a decree adjudicating a tax assessment upon the bank stock, surplus and undivided profits of a state bank, to be invalid and enjoining the sale of the property for the tax, the ground being that large volumes of other like property subject to the tax was not assessed at all. Injunction is a proper remedy. Cooey v. Johnson, 95 Fla. 946, 117 So. R. 111; Camp Phosphate Company v. Allen, 77 Fla. 341, 81 So. R. 503.

The constitution secures to ''every person'' judicial ''remedy by due process of law,'' ''for any injury done'' to property rights. Sec. 4, Dec. Rights. This organic security has reference to a substantial invasion of rights, and contemplates proper parties in litigation, due procedure and injuries that are not merely *de minimis.*

Where the statute under which *ad valorem* tax assessments are made is valid, complaining owners of assessed real estate may not be injured by the mere fact that all personal property is not assessed, for *non constat* the personal property of such complaining owners of real estate is not assessed; and owners of assessed personal property may not be injured by the mere fact that all personal property is not assessed, for *non constat* all of the complainant's personal property is not assessed; and mere omissions of some property do not render assessments invalid. The *prima facie* correctness of an assessment when made by the

proper officers must be affirmatively overcome by appropriate and sufficient allegations and proofs excluding every reasonable hypothesis of a legal assessment. Amoskeag Savings Bank v. Purdy, 231 U. S. 373, 34 Sup. Ct. R. 114, 58 L. Ed. 274; Aberdeen Bank v. Chehalis Co., 166 U. S. 440, 17 Sup. Ct. R. 629, 41 L. Ed. 1069; Sunday Lake Iron Co., v. Township of Wakefield, 274 U. S. 350, 38 Sup. Ct. R. 495, 62 L. Ed. 1155; Chicago Great Western Railway Company, 266 U. S. 94, 45 Sup. Ct. R. 55, 69 L. Ed. 183; Lord v. Watkins, 84 Fla. 514, 94 So. R. 160. See also City of Tampa v. Palmer, 89 Fla. 514, 105 So. R. 115; Ger. Am. Lumber Co. v. Barbee, 59 Fla. 494, 78 So. R. 536; Wade v. Murrhee, 75 Fla. 494, 78 So. R. 536; King v. Gwynn, 14 Fla. 32.

The organic law of this State provides that taxes may be levied only as shall be authorized by law; and when duly authorized by law, the assessment, levy and collection of taxes are administrative functions. It is only when property rights are sufficiently alleged to have been unduly invaded or violated by tax levies that the courts may review tax assessments. In justiciable cases the validity of a statute imposing or authorizing a tax, or the legality or equality of a tax assessment as made, may be judicially determined in adjudicating litigated rights as to the tax.

Where in judicial proceedings an illegal or unequal tax assessment is alleged as a basis for an injunction to remedy an asserted injury to property rights, the alleged illegal or unequal tax assessment is not established by a showing merely that all property subject to a duly authorized tax was not assessed, or that the assessed valuation placed upon the property of others is lower than the assessed valuation placed upon complainant's property, or that the assessed valuations placed upon some classes of property are relatively lower than the assessed valuations placed upon other classes of property that are subject to the tax. The omis-

sion to assess some property subject to the tax or the unequal valuations in assessments as made, even if shown to be substantial in amount, might be a mere oversight or error of judgment of the assessing officers, which would not be sufficient to render illegal the assessment against the complainant's property, see City of Tampa v. Palmer, 89 Fla. 514, 105 So. R. 115; and the complainant might own property subject to the tax that was omitted or that is of the classes of property that are given the relatively lower valuations, or some of complainant's property might be assessed lower than that of others, in which cases the complainant might not be injured; and material injury must be shown to warrant judicial relief, for *de minimis lex non curat*.

Where under the controlling law a particular class of property is subject to taxation and the property of that class owned by some person is assessed for the tax while large amounts of property of the same class, owned by other persons and subject to the tax, is by the assessing officers systematically, intentionally and purposely omitted from the assessment rolls, or is so assessed at a lower rate or at a relatively lower valuation according to real values, it operates as a denial of the equal protection of the laws in violation of the Federal and State organic provisions, and may be judicially remedied by enjoining the collection of the entire tax on the property that is assessed or that is assessed at a higher rate or valuation, where as a matter of law the failure to assess all the property subject to the tax or an assessment of some at a higher rate or valuation than others renders the entire assessment illegal as to the property that is assessed. See Cooey et al. v. Johnson, 95 Fla. 946, 117 So. R. 111; Camp Phosphate Co. v. Allen, 77 Fla. 341, 81 So. R. 503; City of Tampa v. Kaunitz, 39 Fla. 683, 23 So. R. 416, 63 Am. St. R. 202. But where

the illegality is only as to an ascertainable excess, the injunction relief should be confined to the excess assessment. Under the statutes, Secs. 1008, 1038, Compiled General Laws 1927, where the taxes that should legally be assessed to the complainant in the premises, may be ascertained with reasonable accuracy from reliable data accessible to the court, the injunctive relief should be conditioned upon the payment of the tax that is legally collectable. See City of Pensacola v. L. & N. R. R. Co., 21 Fla. 492.

In this case the chancellor in effect held on the evidence that the assessment herein is invalid in that there was an unlawful discrimination against the complainant State Bank in assessing its capital stock, surplus and undivided profits, when large amounts of moneyed capital used in the business of investments and reinvestments for profits by other companies and individuals were intentionally and purposely not assessed at all though liable to the tax. There is ample evidence to sustain the finding. See Minnesota v. First National Bank of St. Paul, 273 U. S. 561, Sup. Ct. R.; Cooey et al v. Johnson, 95 Fla. 946, 117 So. R. 111. The decree adjudicating the assessment to be invalid and enjoining the collection of the tax by sale is affirmed.

Affirmed.

Strum and Buford, J. J., concur.

Terrell, C. J., and Ellis and Brown, J. J., concur in the opinion and judgment.