J. M. BURNETT, as Tax Collector of Hillsborough County, v. NECLAR, INC.

194 So. 324

Division A

Opinion Filed February 27, 1940

*H. C. Tillman,* for Appellant;

*Mabry, Reaves, Carlton & White,* for Appellee.

BUFORD, J.—In a suit to enjoin the enforcement of an alleged excess tax levy it was averred that the state and county tax levy for the years 1937 and 1938 was based on an excessive valuation; that the evaluation by the tax assessor of the involved property for the purpose of taxation was materially higher in proportion to its actual full value then was the evaluation placed on property generally in the county in proportion to its actual full value; that the assessed valuation was excessively high, out of proportion to assessed valuations as to property generally in the county, was discriminatory, arbitrary and unjust and that the taxpayer was entitled to relief in a court of equity against the enforcement of the tax on the excess valuation.

Where such alleged conditions are shown to exist the taxpayer is entitled to relief. See L. & N. R. Co., *et al.,* v. Amos, 98 Fla. 350, 123 Sou. 745; Harvey Bldg. Corp. v. Hannon, 140 Fla. 399, 191 Sou. 784.

The Chancellor found, *inter alia:*

"THIRD: That the valuation for each of the years 1937 and 1938 made and fixed by the Tax Assessor of Hillsborough County, Florida, upon the plaintiff's following described land, to-wit: The North 21.35 feet of Lot Two

(2) and the South 70 feet of Lot Three (3) of Block Fifty-seven (57) General Map of Tampa, as per map or plat thereof recorded in Plat Book 1, at page 7, Public Records of Hillsborough County, Florida, is arbitrary, discriminatory, grossly excessive and unlawful, and that a true, just and lawful valuation for tax purposes on said land should be and is the amount of Twenty-four Thousand and no/100 Dollars ($24,000.00) which amount is hereby decreed to be a correct valuation on said land, for each of the years 1937 and 1938.

"Fourth: That the valuation for the years 1937 and 1938 made and entered by the Tax Assessor upon the building located on the plaintiffs above described land, in the sum of $8,000.00, is hereby decreed to be just, proper and lawful. It is further

"Ordered, Adjudged and Decreed as Follows:

"First: That the total valuation of the plaintiff's land and building should be and the same is hereby fixed by the court to be in the amount of Thirty-two Thousand and no/100 Dollars ($32,000.00) for each of the years 1937 and 1938.

"Second: That any valuation in excess of $32,000.00 is hereby decreed by the court to be discriminatory, excessive and unlawful, and the enforcement of any tax based upon a valuation in excess of $32,000.00 for the years 1937 and 1938 is hereby permanently enjoined."

Relief was decreed accordingly.

The controlling question is whether or not the record discloses substantial evidence to support the decree of the Chancellor. Other questions have been presented by the appellant, but we do not think that if they should be answered in accordance wtih appellant's contentions such re-

sult would require a reversal of the decree entered. Therefore, we shall not discuss them.

We have examined the transcript of the record in the light of the briefs submitted and find ample substantial evidence to sustain the findings of the Chancellor and the decree based thereon.

The decree is accordingly affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.