**C. R. FRAZIER, as Tax Collector of the Town of Atlantic Beach, a Municipal Corporation, v. W. H. ADAMS.**

7 So. (2nd) 122                                                    En Banc
March 24, 1942                         Rehearing Denied April 15, 1942

Charles Cook Howell and Charles Cook Howell, Jr., for appellant.

Lee Guest and O. O. McCollum, Jr., for appellee.

CHAPMAN, J.:

The question presented for adjudication on this record is viz: Is there substantial evidence in the record, although it be controversial and conflicting, to support the conclusions of the chancellor below as expressed in the final decree? If there is substantial testimony in the record to support the conclusions of the chancellor as expressed in the final decree, the same, on appeal, should be affirmed. It is my view that the rule *supra* is the controlling principle for a decision of the case at bar. The Tax Assessor of the Town of Atlantic Beach, for the years 1939 and 1940, assessed plaintiff's property for taxation purposes at the sum of $175,000.00 for each of said years. It was assessed on a basis of 75% of the actual cash value as of January 1st of each year.

The chancellor below heard the testimony and reached the conclusion that 75% of the actual cash value of plaintiff's property as of January 1st for the years of 1939 and 1940 was the sum of $100,000.00 for each of said years. The record abounds with testimony to sustain the conclusions of the chancellor. The decree appealed from is affirmed on the authority of Harvey Building Corp. v. Hannon, 140 Fla. 399, 191 So. 784.

BROWN, C. J., TERRELL, THOMAS and ADAMS, JJ., concur.

WHITFIELD and BUFORD, JJ., dissent.

WHITFIELD, J., dissenting:

This appeal is from a decree of the circuit court reducing the valuations of appellees property for municipal taxation from $175,000.00 to $100,000.00 for each of the years 1939 and 1940.

The Constitution of Florida provides that:

". . . all property shall be taxed upon the principles established for State taxation. But the cities and incorporated towns shall make their own assessments for municipal purposes upon the property within their limits." Sec. 5, Art. IX.

"Just valuations" are required. Secs. 1 and 5, Art. IX, of the Constitution.

All property in that town is required to be assessed for municipal taxation at seventy-five per cent of the actual cash value.

In this case the difference between the valuation assessments for municipal taxation for the year 1938 of $125,000.00, and $175,000.00 for each of the years 1939 and 1940, and the valuation of $100,000.00 decreed by the circuit court for each of the years 1939 and 1940, are proportionately very great and require

careful study upon being challenged in due course of judicial procedure.

The Florida Constitution provides that:

"All courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay." Sec. 4, Decl. of Rts.

"The Circuit Courts shall have exclusive original jurisdiction in all cases . . . involving the legality of any tax, assessment, or toll; . . ." Sec. 11, Art. V.

While the valuations of $175,000.00 fixed by the town assessing officers for each of the years 1939 and 1940 are assumed to be correct until the contrary is duly shown, such valuations for the years 1939 and 1940 have not been acquiesced in by the property owner, but have been challenged as being excessive, and the burden is upon the complaining party to make due proof that such valuations are illegally excessive as alleged. If duly proven to be excessive, the valuations are illegal to the extent of such excess in amounts; and the challenged assessments should, by appropriate judicial decree, be required to be made upon legal valuations as ultimately adjudged by the courts upon the issues made.

The mere fact that the valuations of the property made by the town officials for the 1939 and 1940 tax assessments are very much greater than the valuation for 1938, does not of itself show the later valuations are legally excessive, for the taxing officials are presumed to have properly performed their official duties; but the proportionately great increases in valuations of the same property for succeeding years require justification to be shown by the town when the valua-

tions are duly alleged to be illegally excessive and the complaining party makes a substantial showing that the valuations are legally unjust and excessive.

Much of the testimony adduced in evidence tends to show the 1939 and 1940 valuations of $175,000.00 to be not materially excessive; but at least some of such testimony justifies inferences that valuation figures stated in the testimony are predicated in part at least upon potential elements of value or other considerations not confined to elements that legally affect the actual cash value of the property as situated and conditioned, or to other pertinent aspects affecting the reasonable and just monetary value of the property at the time the valuations and assessments for current taxation were required to be officially made.

The testimony of two witnesses tends to show valuations approximating the amount fixed by the decree which is $100,000.00 for each of the years 1939 and 1940. The statutory limit of tax assessment valuations is 75% of the actual cash value of the property assessed at the time the assessments are required to be made. Such limit of 75% of actual cash value is permissible if it is applied to all property that is subject to the same taxation. See Camp Phosphate Co. v. Allen, 77 Fla. 341, 81 So. 303; Graham v. City of West Tampa, 71 Fla. 605, 71 So. 926; Ellis v. A.C.L. R.R. Co., 68 Fla. 160, 66 So. 1005; Hackney v. McKenney, 113 Fla. 176, 151 So. 524; Maxcy, Inc. v. Federal Land Bank, 111 Fla. 116, 150 So. 248, 151 So. 276.

Upon due consideration of all evidentiary matters adduced and properly affecting the actual cash value of the property at the time the valuations and assessments were required to be officially made, it appears,

to me that the official taxable valuations as made are excessive and that the taxable valuations fixed by the trial court are not in entire accord with the probative force of the whole evidence as adduced. The conclusion is that a taxable valuation of $130,000.00 on the property for each of the three years 1939 and 1940 is, on the evidence considered in its entirety, reasonable and legal, and therefore are just valuations of appellee's property for taxation purposes as required by Sections 1 and 5, Article IX, of the Constitution.

BUFORD, J., concurs.