**J. W. BLUME v. J. L. McMULLEN, as Clerk of the Circuit Court in and for Suwannee County, Florida; J. A. FORTNER and J. M. LEE, as Comptroller of the State of Florida.**

18 So. (2nd) 31                                 January Term, 1944
May 23, 1944                                     Division A

*J. W. Blackwell* and *J. W. Bryson,* for appellant.

*Wm. Randall Slaughter,* for appellees.

ADAMS, J.:

Appellant secured a decree by virtue of Sec. 196.01 F.S. '41, F.S.A., to reduce his real estate assessment to $2.50 per acre for the year 1942. Thereupon he paid the taxes and sought to redeem all previous taxes then in arrears based upon a valuation of $2.50 per acre. He relied upon Sec. 194.10 F.S. '41, FSA, as authority to redeem upon the last and lowest valuation fixed. The clerk refused to allow the redemption on that basis because the last valuation of $2.50 per acre was not made by the tax assessor but was made by the court and as such was not a legal assessment whereupon

appellant filed a bill to compel the redemption and the chancellor dismissed the bill and he appeals.

The question is whether the assessment of $2.50 per acre for 1942 was made by the court or the tax assessor. We are of the opinion that the assessment was that of the assessor. The effect of the court's action in reducing the assessment was to eliminate the illegal portion of the assessment and leave the remainder as the assessor's assessment. When the court decrees what is a proper valuation then that becomes the legally assessed value of the property and is in law the assessor's valuation. See West Virginia Hotel Corp. v. Foster Co., 101 Fla. 1147, 132 So. 842; County of Jackson v. Thornton, 44 Fla. 610, 33 So. 291.

The decree appealed from is reversed for further proceedings.

Reversed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.