PER CURIAM.
The appellants, tax collector, tax assessor, and state comptroller, appeal from a final decree which, inter alia, ordered payment by the appellee of the sum of approximately $19,000 in addition to the sum of approximately $83,000 already paid as ad valorem taxes on a hotel and a motel. The decree found and adjudicated: (a) that there had been an overassessment for the year 1959; (b) that the appellee’s property was not assessed uniformly with comparable properties and the assessment was therefore arbitrary, excessive and discriminatory; (c) that the 1958 assessment of improvements on appellee’s property was proper; (d) that land assessments for the year 1959 were valid; (e) that personal property assessments were valid; and (f) that the cubic foot content of both hotel and motel had been miscalculated.
The appellee is the owner of a hotel located between State Road A-l-A and the Atlantic Ocean, near the southern boundary of Golden Beach, Florida. The ap-pellee also owns a motel immediately opposite the hotel, lying between State Road A-l-A and the Intércoastal Waterway. The two properties are connected by a tunnel. On the property comprising the motel, there is also a restaurant operated by Howard Johnson’s, Inc., under lease. The tax assessor assessed the appellee’s property for 1959 as follows:

Appellee sought review of these assessments before the Board of County Commissioners sitting as a board of equalization. His protest as to the assessment and valuations was denied and he instituted this *872 action. After instituting this action, the appellee paid to the tax collector a sum in excess of $83,000 which he admitted to be legally due and payable.
In effect, the chancellor’s decree approved the tax assessor’s valuation of the appellee’s land and personal property for the year 1959, and disapproved the assessor’s valuation of improvements on these properties, substituting therefor the assessor’s valuation for the year 1958. The chancellor then subtracted from the combined totals of the land assessment and the improvement assessments adjustments to-talling some $443,000, comprising a miscalculation of the cubic area of the hotel on the east side of State Road A-l-A and a miscalculation of the cubic area of approximately twenty buildings on the west side of State Road A-l-A. After subtracting the approximate sum of $443,000 from the sum total of the land valuation and the 1958 assessed valuation for improvements, adopted by the court, he then added to that total the personal property valuation for 1959 of $450,000 which he found to be a valid assessment. This resulted in a total valuation of land, buildings and personal property of the sum of $2,-562,504. The chancellor then applied against this figure the millage rate established by the Board of County Commissioners of Dade County for the year 1959, and computed a total tax on appellee’s properties amounting to the sum of $103,-140.80. He then decreed that the appellee owed an additional sum of $19,258.99 on his 1959 taxes.
Primarily the appellants complain that the chancellor assumed the duties of a tax assessor in making a determination of the correct assessments by applying to the assessor’s 1958 valuation the 1959 millage rate.
It is obvious that the jurisdiction and authority of the circuit court grow out of the constitutional provision contained in Article V, Sec. 6(3), F.S.A. as implemented by § 196101, Fla.Stat., F.S.A. The latter statute provides in substance that courts of chancery have jurisdiction in cases involving the legality of any tax, assessments or tolls and shall inquire into and determine the legality, equality and validity of same and render decrees setting aside such tax assessment or toll or any part of the same that shall appear to be contrary to the constitution and laws of Florida. [Emphasis supplied.]
The power to tax is a legislative function; however, this function is generally delegated under specific statute to certain administrative officers. See 31 Fla. Jur., Taxation, §§ 200, 210; Folsom v. Bank of Greenwood, 97 Fla. 426, 120 So. 317; Folsom v. Bank of Malone, 97 Fla. 433, 120 So. 319; Cocoa-Rockledge Drainage District v. Garrett, 140 Fla. 359, 191 So. 687.
Our review of the authorities on this subject leads us to the conclusion that the chancellor was well within the jurisdiction delegated to chancery courts by the Constitution and the applicable statutes when he found that the assessment as to improvements was arbitrary, excessive and discriminatory and consequently illegal and invalid. He was authorized, under such judicial finding, to strike down the illegal portion of the tax, but no more. In West Virginia Hotel Corporation v. W. C. Foster Co., 101 Fla. 1147, 132 So. 842, 849, the Supreme Court of Florida said:
“While the courts cannot assess or levy taxes, they can, under this statute, strike down the illegal portion of a tax, and leave the remainder intact.”
See also City of Pensacola v. Pensacola & A. R. R. Co. (1885), 21 Fla. 492, where a similar question was treated in the same fashion. Obviously a portion of the assessment was legal and valid and likewise a portion was invalid by reason of miscalculation and oversight. Nevertheless, the chancellor was without authority to proceed to reassess that portion of the property upon which it had been found that *873 an invalid assessment had been made, and thereafter to compute the tax. The chancellor did not merely strike down a portion of an illegal tax as was done in Blume v. McMullen, 154 Fla. 494, 18 So.2d 31, but went further and revalued and reassessed the property. In effect, the chancellor’s decree represents a valuation and assessment by the court rather than that of the administrative officer charged with such duty.
In the final analysis, we conclude that the chancellor was correct and should be affirmed insofar as he adjudicated the assessment to be valid as to the land and personal property and invalid as to improvements. These were severable items and as such were susceptible to being stricken down without affecting the portion of the assessment found to be valid. However, the chancellor was without authority to go further and should have relinquished the matter to the tax assessor so that a valuation and assessment according to law could have been made on that portion of the property upon which the assessment and valuation had been declared invalid.
We have considered the other questions raised by appellants but find them to be without merit.
The appellee has filed cross assignments in which he contends that the valuation of $450,000 placed upon his personal property was unfair, in that no depreciation was allowed on furnishings and furniture in the properties. He points out that in prior years, to-wit: 1956, 1958, the same personal property was assessed at a value less than the 1959 assessment. We conclude that the chancellor’s finding and decree on this question was correct and should be affirmed.
Accordingly the decree appealed is affirmed, insofar as it ratifies and approves the assessment and valuation of appellee’s real and personal property, exclusive of improvements, and declares invalid the 1959 assessment of improvements. However, those portions of the decree whictt sought to revalue and reassess improvements on appellee’s properties are reversed! with directions to eliminate such items! from the decree and any tax calculated or based thereon, and to remand the same to the tax assessor for an assessment according to law.
Affirmed in part and reversed in part with directions.