PER CURIAM.
The six appeals dealt with herein arose-from one final decree. The complaints were by the owners of six hotel properties in the-City of Miami Beach, Florida, with the County and its appointed tax assessor the-named defendants. The complaints all contained the same basic allegations — each seeking the cancellation of the respective-state real property tax assessment for the-year 1961. The causes were consolidated for trial.
The final decree held the 1961 Dade County tax roll to be valid, but the assessments placed upon the several properties-involved were held to be excessive and' hence illegal and discriminatory. The decree further fixed the tax assessment for each property.[1]
*32 The County has appealed and presents as its first point that the trial court could not properly reassess improved real property for tax purposes where it found the tax assessor’s assessment to be excessive. No claim is made that the chancellor was unauthorized to set aside the assessment, nor is it argued that severable portions of an assessment may not be set aside when found to be contrary to law. It is urged, however, that in this case the court set up a new assessment in the place of that of the public official designated to make assessments.
The appellant refers us to our own case of Overstreet v. Chatlos, Fla.App.1961, 135 So.2d 870. We think the cited case recognizes that while the courts of this state cannot assess or levy taxes, they can under § 196.01, Fla.Stat, F.S.A., strike down the illegal portion of a tax and leave the remainder intact.
In the Chatios opinion it was pointed out that the chancellor found that the assessor had properly assessed the land and personalty but used an improper and incorrect method in valuing the improvements to the land. The entire valuation made on that part of the taxpayer’s property consisting of improvements to the land was invalid. Therefore the court was without jurisdiction to make a new assessment for that portion of the property. Cf. West Virginia Hotel Corp. v. W. C. Foster Co., 101 Fla. 1147, 132 So. 842.
In the instant case the court found the assessment valid but struck down a portion that was found to be illegal. As previously pointed out no attack is made upon his power to strike down the illegal portion. The court left standing the legal portion of the assessment. We think this action is in accordance with the holdings of the Supreme Court in Folsom v. Bank of Greenwood, 97 Fla. 426, 120 So. 317; *33 Harvey Bldg. Corp. v. Hannon, 140 Fla. 399, 191 So. 784; Burnett v. Neclar, Inc., 142 Fla. 145, 194 So. 324; Frazier v. Adams, 150 Fla. 168, 7 So.2d 122.
The appellant’s remaining point has been considered and found not to present reversible error.
Affirmed.

. The decree found:
“WITH REFERENCE to the validity of the 1961 Dade County tax roll, the Court is of the opinion that the same was a valid tax roll, and henee Plaintiffs are not entitled to an. outright cancellation of the taxes on their properties.
“As to Plaintiffs’ second contention— that the valuations placed on their several-properties were excessive and hence illegal and discriminatory as to such excess — the Court finds that the equities-are with the Plaintiffs, and that they are properly entitled to have so much- *32 of tlieir tax stricken as resulted from such over-valuations. The power of the Court to order such a reduction is well established. Blume v. McMullen, 154 Fla. 494, 18 So.2d 31; Overstreet et al. v. Chatios, Fla.App., 135 So.2d 870.
“IN ORDER to determine a proper reduction it is necessary first to establish the full cash depreciated value of each of the properties. Extensive testimony was presented by the parties on this question, and upon all the evidence the Court finds that the full cash depreciated values of the several properties, land and improvements, were as follows:
(1) Deauville Hotel $7,032,000.00
(2) Casablanca Hotel 1,904,250.00
(3) Sherry Frontenac
Hotel 1,536,500.00
(4) Cornet (Casablanca
Annex) Hotel 652,000.00
(5) Lincoln Crown Hotel 1,988,000.00
(6) Coronet Hotel 919,000.00
“FROM THE EVIDENCE presented before the Court — which the Defendants do not seriously challenge — the Court finds that for the year 1961, and also for previous years, the tax assessor in determining valuations for the Dade County tax roll has consistently and with design attempted to take 47.27% of the full cash depreciated value of each parcel of improved property throughout the County to arrive at the. assessed valuation for tax purposes. However, with reference to the properties of the several Plaintiffs concerned, they received discriminatory treatment in comparison with other taxpayers in the County, generally, which, if allowed to stand, would require them to bear an unjust proportion of the tax burden for the year in question. This would be in violation of the Constitution and laws of the State of Florida. Therefore, the Plaintiffs are entitled to have the excessive portion of their taxes struck from their tax bills and any such excess paid refunded.
“GRANTING TO PLAINTIFFS the benefit of this valuation formula which the Court finds had been afforded to taxpayers generally in Dade County, Florida, for the year in question, the Court determines that the real property taxes of the several Plaintiffs should have been levied on the basis of the following assessment valuations:
(1) Deauville Hotel $3,324,026.00
(2) Casablanca Hotel 900,139.00
(3) Sherry Frontenac
Hotel 726,304.00
(4) Cornet (Casablanca
(Annex) Hotel 308,200.00
(5) Lincoln Crown Hotel 939,727.00
(6) Coronet Hotel 434,412.00”