HENDRY, Judge.
The taxing authorities of Dade County have taken this appeal to test the correctness of a final judgment entered by the Circuit Court which held that a certain personal property assessment was null and void. We affirm.
The appellees are individuals doing business as a law firm. They filed their complaint praying for a reduction of the 1967 personal property tax assessment which was levied on the law firm’s tangible personal property (including law books, furniture, office equipment, etc.). After hearing, the court held the assessment to be excessive for the following reasons:
“* * *
“A. Defendant Assessor was in error in relying exclusively or almost exclusively upon the original cost of the personal property to which he applied an arbitrary depreciation. It may be that such a rule of thumb may be applicable in most cases particularly where unchallenged. The Court is aware of the problems and difficulties of assessing the vast amount of personal property in Dade County; nevertheless, the Court is of the opinion that in this case, such procedure was improper and was actually contrary to instructions from the Comptroller contained in Defendant’s own Exhibit (c), to-wit:
‘Commercial personal property values should be determined by a field inspection or a taxpayer’s return, tempered with certain standards of values in order to obtain uniformity.’
“B. That there were improperly included in the original cost of Plaintiff’s property, items such as services, labor and materials contained in Number 5, above, which do not add to the value of the personal property itself;
“C. That Defendants disregarded the field inspection report made by its office;
“D. That Defendants overly-relied upon valuation methods which produced a ‘paper’ valuation and a ‘paper’ depreciation and overly-relied upon certain portions of instructions from the State Comptroller without taking into consideration other instructions, such as, references to certain methods as ‘rule of thumb’ and instructions which indicate that in spite of all rules and rules of thumb, the Tax Assessor is charged with the responsibility to obtain the most authoritative information possible in establishing just value;
“8. That although the testimony of Plaintiff’s appraisers was unrebutted by Defendants, this Court cannot say that such testimony is conclusive of the just valuation of Plaintiff’s property, especially in the absence of testimony of comparable sales, which evidence was not supplied by the expert witnesses;
“9. That although this Court finds that Defendants’ assessed valuation of Plaintiff’s personal property is excessive and invalid, this Court is of the opinion that it is unable to strike any particular portion of the assessed valuation so as to arrive at legal just valuation without the Court itself attempting to assess and value the property which this Court is precluded from doing. Overstreet vs. Chat-ios, 135 So.2d 870, and Dade County vs. Deauville Operating Co[rp.], 156 So.2d 31 ■ * * *»
We have carefully reviewed the record and find it replete with evidence which would uphold the appellee’s argument before the lower court that the assessed value was excessive and that the means used to arrive at such value was invalid. As the court correctly noted, it was precluded from making a reassessment of *754 the correct value of the property involved, Dade County v. Deauville Operating Corp., Fla.App.1963, 156 So.2d 31, and ordered as follows:
“That the defendants are hereby ordered to reassess plaintiff’s personal property as of January 1, 1967, taking into consideration all factors that will result in a true and just valuation of said personal property and uniform in respect to other taxpayers similarly situated * * *”
It appears to us that the court below was eminently correct in entering the final judgment under appeal. Therefore, the judgment is affirmed.