RAWLS, Judge.
Appellant, Railroad Assessment Board (whose powers, duties and functions were transferred to the Department of Revenue under the provisions of Chapter 69-106, Laws of Florida), by this appeal seeks reversal of a final order rendered by the Chancellor determining that the 1968 assessment on the Florida properties of the Seaboard Coast Line Railroad Company in excess of $191,522,000 is invalid and void.
By its complaint Seaboard alleged that the Board’s 1968 assessment of $209,-252,960 was illegal and arbitrary primarily as a result of the weight that the Board assigned to the book value of its properties, and affirmatively asserted that the assessment should not have exceeded the sum reflected in its return, that being $180,-491,805.
The evidence reflects that the Board’s assessment is based upon a formula containing three factors, viz.: book value, stock and debt 5-year average, and a 5-year average of capitalized earnings at 6%. The Board in reaching its assessment attributed a 50% weight to book value and 25% to each of the other two factors. It then subtracted 17% as a judgment factor for economic obsolescence.
The Board injected an additional subject matter of assessment into the proceedings and the Railroad reluctantly agreed that same was a proper subject for assessment purposes, this being the Railroad’s operation of considerable equipment by virtue of long-term leases. Neither the Board nor the Railroad had included the value of this leased equipment in its computations in determining book value. The Railroad presented testimony and evidence to the effect that equipment leased by it has a depreciated value of $88,317,000, which was determined by utilizing one of the methods of depreciation approved by the Internal Revenue Service for lessors who are not railroads. The Board contends that the value of the leased equipment should have been ascertained by computing depreciation as if the property had been owned by a railroad and depreciated in accordance with the I.C.C. regulations which would be a value of $129,212,470. The Chancellor agreed with the Railroad and found that, although the Board had not included this item in its assessment nor had the Railroad returned same in the computation of its book value, the sum of $88,317,000, representing the owner’s depreciated value of equipment under long-term leases to the Railroad, should be included in the sums representing book value and taken into consideration in the assessment. He further found that non-operating properties in the value of $26,106,000 should be deducted from book value and that the Board’s action in giving a 50% weight to book value and only 25% to the other two factors was arbitrary and capricious.
From this final decree, the Board appeals alleging basically: (1) That the Chancellor erred in not utilizing the depreciation schedule of the leased property as if the Railroad had owned same, thus making the value of the leased property $129,-212,470 rather than $88,317,000; and (2) That the weighting formula as to the book value was not arbitrary and discriminatory.
As to the first point, we have difficulty in ascertaining the basis upon which the Board complains as to the valuation reached by the Chancellor. First, the Board admittedly did not include the value of the leased rolling stock in initially computing the book value of the Railroad. Now, the Board takes the position the Chancellor should have found that it overlooked some $129,000,000 of property because it should be depreciated as if it were owned by the Railroad. This property is *30 not owned by the Railroad and is not carried on its books. We find no error in the Chancellor’s holding that the book value of this property is determined by the method of depreciation used by the owner.
As to the second point, it would serve no useful purpose to write an extensive opinion upon what weight the Board must place on each factor. This Court, in an enlightened opinion authored by Judge Donald K. Carroll, treated this subject extensively in Florida East Coast Railway Company v. Green[1] wherein it upheld the assignment by the Board of one-third to each of the three factors there enumerated, one being the I.C.C. reproduction costs instead of book value. In so holding this Court observed that if the Board had used reproduction costs as the sole yardstick, or even as a major factor, a serious question might have arisen as to the validity of the evaluation. The I.C.C. reproduction cost figures are no longer available. Although book value and reproduction costs are not synonymous, they bear a number of the same attributes. The Board’s director stated that it desired to maintain the assessment level and by manipulating any number of various mathematical computations finally ascertained that a 50% weight factor upon book value would assist in reaching a predetermined figure for assessment purposes, and this, apparently, was the motivating reason for changing from the judicially-approved one-third weight for each factor in the formula approved in Florida East Coast Railway v. Green to the weights used in the instant cause. We agree with the Chancellor that such conduct is arbitrary and capricious and cannot be condoned by the courts.
Finally, the Board urges that the Chancellor usurped the discretionary function of the Board by effectively reassessing the properties involved in this suit. The appellee, in support of the Chancellor’s order, has cited Dade County v. Deauville Operating Corporation,[2] wherein the Third District Court followed its previous decision of Overstreet v. Chatios,[3] and numerous Supreme Court cases. These cases recognize that courts of this State cannot assess or levy taxes, but where the illegality does not render invalid the tax roll, the courts can set aside a severable portion of an assessment when same is found to be excessive and leave the remainder intact.
The illegality in the instant case was not just an excessive assessment. The Court here held that the use of the formula as weighted by the Board was arbitrary. This weighted formula had been applied to the entire original assessment so the entire assessment was subject to the defect. There was no severable portion of the assessment which was legally and regularly made. Furthermore, the Board omitted from the assessment of all railroads operating properties under long-term leases to them, and this property was assessed against appellee for the first time by the Court. However, the Supreme Court in Seaboard Air Line Railroad Company v. Gay[4] stated that proceedings before the Circuit Court are hearings for the taxpayer and not for the tax assessor. The taxpayer here has not objected to but has defended the trial court’s order, and the assessing body has failed to demonstrate that the lower court in correcting the assessment errors has exercised any discretion reserved to it, or that upon reversal on this point the Board’s assessment could in any way be different from the mathematical computation of the Circuit Judge. The Board, having omitted millions of dollars *31 of taxable properties and having improperly included $26,000,000 of properties locally assessed, is not now in a position to complain.
The order appealed is affirmed.
JOHNSON, C. J., and CARROLL, DONALD K., J., concur.

. Florida East Coast Railway Company v. Green, 178 So.2d 355 (Fla.App. 1st 1965).

. Dade County v. Deauville Operating Corporation, 156 So.2d 31 (Fla.App.3d 1963).

. Overstreet v. Chatios, 135 So.2d 870 (Fla.App.3d 1961).

. Seaboard Air Line R. Co. v. Gay, 74 So.2d 569 (Fla.1954).