**NORTH MIAMI ELKS LODGE #1835, et al v. TAX ASSESSOR, et al.**
No. 73-30872.
Circuit Court, Dade County.
October 3, 1974.

Harkness & Harkness, North Miami, for the plaintiffs.

Stuart L. Simon, County Attorney, and Robert L. Krawcheck, Assistant County Attorney, for the defendants.

DAVID GOODHART, Circuit Judge.

This cause came on before the court for non-jury trial.

### The complaint

Plaintiffs complain in this action of the defendants', taxing authorities, granting of a partial but not a total exemption from ad valorem taxation of certain real and personal property herein described as the "lodge". In support of their contention that they are entitled to a total tax exemption the plaintiffs have alleged that

they use the lodge exclusively for charitable purposes. Additionally, the plaintiffs have alleged intentional discrimination and, by an amendment to the complaint made at the trial, allege the denial of due process. The parties have stipulated that for the purpose of determining the plaintiffs' entitlment to a charitable exemption, the only portion of the premises in issue is that known as the "bar area".

### Findings of fact

Plaintiffs have alleged that they are a corporation not for profit organized for charitable purposes; however, they failed to introduce any competent evidence in this regard, and the court does not make a finding of fact on this issue. Plaintiffs have also alleged that they are the owners of the subject real and personal property, however, there has been no evidence as to this issue.

Evidence before the court establishes that the property which is the subject of the challenged assessment includes a building in the nature of a clubhouse which contains, among other things, a bar area where alcohol is sold to plaintiffs' members. Included in the activities of the plaintiffs is the raising and contributing of funds to a crippled children's hospital and the use of funds for directly assisting needy, disabled, and sick persons. Additionally, plaintiffs' members participate in blood bank activities. There is no evidence that the bar area is directly utilized in any of foregoing activities.

It has been shown through the testimony of a certified public accountant called by the plaintiffs and through the financial statements of the plaintiffs that the bar and related functions are treated as a separate activity from plaintiffs' other activities for the purpose of financial accounting. For the fiscal year ending March 31, 1973, the bar alone had gross receipts of $62,132 and operated at a net loss. In the words of plaintiffs' treasurer who served over a 12 year period including 1973, the bar is a "losing proposition," and the court so finds. The $62,132 gross receipts of the bar are equal to approximately two-thirds of the gross receipts of all other activities of the plaintiffs combined.

Plaintiffs offered no testimony, expert or otherwise, as to the fair market value of the bar area on January 1, 1973, the assessment date, and in this regard presented only the relative square foot area of the bar as related to the entire premises. There was no testimony as to whether the total square foot area of the premises included unimproved areas such as land, or land improvements such as paving, and it affirmatively appears that the total square foot figure includes areas dissimilar to the bar, such as the meeting room. There was a complete absence of any evidence relating to the value of the personal property located in the bar area.

*Conclusions of law*

*Exemption*

Florida Statute 196.192, which governs the extent of the allowable exemption, provides —

> *Exemptions from ad valorem taxation* —
>
> (1) All property used exclusively for exempt purposes shall be totally exempt from ad valorem taxation.
>
> (2) All property used predominantly for exempt purposes shall be exempted from ad valorem taxation *to the extent of the ratio that such predominant use bears to the nonexempt use.* (Emphasis added.)

The foregoing statute is unambiguous in its directive that property, though put to a predominantly exempt use, is not exempt from ad valorem taxation with regard to any other use. The criteria for determining the exempt portion of property are set forth in Florida Statute 196.196 which requires a comparison of the exempt and nonexempt activities.[1]

Florida Statute 196.012 defines exempt use of property to include a charitable use and further defines "charitable purpose" as "a function or service which is of such a community service that its discontinuance could result in the allocation of public funds for the continuance of the function or service."

It is the actual use of property to which the court must look in determining exempt status and not the nature of the owner or the fact that funds may be generated for contribution to other organizations which actually perform charitable functions. Johnson v. Sparkman, Fla. 1947, 31 So.2d 863; State, ex rel. Miller v. Doss, Fla. 1941, 2 So.2d 303; University Club v. Lanier, Fla. 1935, 161 So. 78; Orlando Utilities Commission v. Milligan, 4th D.C.A. 1969, 229 So.2d 262. See also Orange County et al. v. Orlando Osteopathic Hospital, Inc., supra.

The use of the property in question is the operation of a bar involving the sale of alcoholic beverages to plaintiffs' members. Whether profitable or non-profitable and whether generating funds

---

1. Florida Statute 196.196(3) automatically disallows any exemption for property used for profit making purposes, but is inapplicable to certain functions not requiring a license. The parties have not raised this section as an issue nor has the court because the defendants at bar do not contend that the disallowance of total exemption to plaintiffs is based upon the fact that the bar is a profit making function but rather it is in the first instance not a charitable use. See Orange County, et al. v. Orlando Osteopathic Hospital, Inc., Fla. 1953, 66 So.2d 285, for an example of a use which is both profit producing and charitable.

for contribution to charity or not, the activity itself is not one the discontinuance of which could result in the allocation of public funds for its continuance. The use is therefore not "charitable" as that term is defined by Florida Statute 196.012(6).

It is plaintiffs' contention that the court should construe the statutes to exempt its bar area from taxation because other portions of the property have been exempted by defendants and because plaintiffs may in fact perform some charitable functions. Such a statutory construction is not possible in the face of the clear mandate that the exemption be less than total where the exempt use is less than total. Florida Statute 196.192(2). Moreover, even were there an ambiguity in the statute, the court would be required to construe the provision against the taxpayer, exemptions being in the nature of special favors operating to increase the tax burden on other taxpayers. State, ex rel. Szabo Food Services, Inc. of North Carolina v. Dickinson, Fla. 1973, 286 So.2d 529; State, ex rel. Miller v. Doss, supra; Miami Battlecreek v. Lummus, Fla. 1939, 192 So. 211; Lummus v. Florida Adirondack School, Fla. 1934, 168 So. 232.

Plaintiffs introduced the testimony of a member of the ad valorem tax sub-committee of the full finance and tax committee of the Florida legislature at the time the controlling statutes were enacted. Although the court finds such testimony to be consistent with the holdings herein, the court does not rely upon such testimony in arriving at its conclusions. See Security Feed and Seed Co. v. Lee, Fla. 1939, 189 So. 869; Vocelle v. Knight Bros. Paper Co., 1st D.C.A. 1960, 118 So.2d 664. See also Palmer v. Thompson, 1971, 403 U.S. 217, 225, 91 S.Ct. 1940, 29 L.Ed. 2d 438, 444.

### Assessed value

Although plaintiffs contend that the assessment applicable to the bar area is in excess of just valuation, they have not met their burden of proof nor have they produced any competent evidence in support of such allegation. The applicable burden of proof is set forth as follows in Aeronautical Communications Equipment, Inc. v. Metropolitan Dade County, 3rd D.C.A. 1969, 219 So.2d 101, 104 —

> Plaintiff's burden of proof in challenging its tax assessment is clearly set forth in Folsom v. Bank of Greenwood, 97 Fla. 426, 120 So. 317 (1929), as more recently re-affirmed in Harbond, Inc. v. Anderson, 134 So.2d 816 (Fla. App. 1961). That is:

> > "The prima facie correctness of an assessment when made by the proper officers must be affirmatively overcome by appropriate and sufficient allegations and proofs excluding every reasonable hypothesis of legal assessment."

Basically these hypotheses are set forth, in relation to all property, in McNayr v. Claughton, 198 So.2d 366 (Fla. App. 1967) as:

"***(1) the cost approach; (2) the comparable sales and (3) the income or economic approach."

These three approaches are the hypotheses of assessment referred to in *Folsom* and *Harbond,* supra.

Plaintiff must therefore show that the assessment cannot be supported by any of these methods of arriving at the property's fair market value, or must show the methods to be unreasonable, thus not applicable.

See also Manufacturer's National Corporation v. Blake, 287 So. 2d 129, 3rd D.C.A. 1973; City National Bank of Miami v. Blake, 3rd D.C.A. 1972, 257 So.2d 266; McNayr v. Claughton, 3rd D.C.A. 1967, 198 So.2d 366.

### Discrimination and due process

The plaintiffs have failed to introduce any competent evidence pertaining to the allegations of discrimination and denial of due process, consequently, they have not shown that they are entitled to relief upon either of these grounds.

Therefore, in accordance with the foregoing findings of fact and conclusions of law, it is ordered and adjudged that the complaint in this cause is dismissed, with prejudice.